**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **SECURE COMMUNICATION TECHNOLOGIES, LLC,**<br><br>                              Plaintiff,<br>**v.**<br><br>**SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,**<br><br>                              Defendants. | Case No. 2:24 CV 484<br><br>Jury Trial Demanded |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Secure Communication Technologies, LLC ("SCT") files this Original Complaint for patent infringement against Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") alleging as follows:

**BACKGROUND AND NATURE OF THE SUIT**

1.  This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This case asserts infringement of United States Patent Nos. 11,334,918 (the "'918 Patent"), 11,443,344 (the "'344 Patent"), and 11,687,971 (the "'971 Patent") (collectively, "the Patents-in-Suit").

2.  The Patents-in-Suit are owned by SCT.

3.  The inventions described and claimed in the Patents-in-Suit were invented and developed by Mr. James Proctor Jr. (a pioneering researcher, inventor, entrepreneur and well-

recognized technical expert in the field of wireless communications) and his father, James A. Proctor III.

## THE PARTIES

4. SCT is a Texas limited liability company with its principal place of business at 204 North Fredonia Street, Longview, Texas 75601.

5. Defendant SEC is a company organized and existing under the laws of the Republic of Korea with a principal place of business located at 129 Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742 in the Republic of Korea.  SEC may be served at least by process under the Hague Convention.

6. Defendant SEA is a New York corporation having a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660 and is a wholly-owned subsidiary of SEC. SEA may be served via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, 35 U.S.C. § 101, et seq. This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, et seq., 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338 (jurisdiction over patent actions).

8. The Court has personal jurisdiction over each Defendant consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute.

9. Each Defendant has regularly and systematically transacted business in Texas, directly or through subsidiaries or intermediaries, and/or committed acts of patent infringement in Texas as alleged more particularly below.

10. Samsung has placed infringing products into the stream of commerce by shipping those products into Texas or knowing that the products would be shipped into Texas.

11. In addition, on information and belief, Samsung's business relating to mobile devices, including devices accused of infringement in this Action, are conducted at its Texas facilities.

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

13. With respect to Defendant SEC, a Korean company, venue is proper because suits against foreign entities are proper in any judicial district, including the Eastern District of Texas.

14. With respect to Defendant SEA, venue is proper in this district under 28 U.S.C. §1400(b) because Defendant SEA has a regular and established place of business in this district and has committed acts of infringement in this district.

15. On information and belief, Defendant SEA has a regular and established place of business in Plano, Texas, and is responsible for importing and selling smartphones, tablets, and other mobile devices and equipment in the United States.

16. Samsung makes, uses, sells, offers for sale, and/or imports Samsung-branded smartphones, tablets, laptops, and other electronics in this District, including the products accused of infringement herein.

17. On information and belief, Defendant SEA has operated, and on information and belief continues to operate, a permanent office located at 6625 Excellence Way, Plano, TX 75023.

18. Defendant SEA also employs full-time personnel, such as engineers and managers in this district, including in Collin County.

19. On information and belief, Samsung's business operations relating to cellular mobile devices are conducted at these SEA facilities located in this district.

20. Defendant SEA has also committed acts of infringement in this district by commercializing, marketing, selling, distributing, and servicing certain Samsung-branded devices, including but not limited to phones and tablets, which are devices Plaintiff accuses of infringement in this Action.

## THE PATENTS-IN-SUIT

**The 918 Patent**

21. The '918 Patent, entitled "Exchanging identifiers between wireless communication to determine further information to be exchanged or further services to be provided," duly and legally issued on May 17, 2022, from U.S. Patent Application No. 15/271,410, filed on September 21, 2016, naming James A. Proctor, Jr. and James A. Proctor III as the inventors. A true and correct copy of the '918 Patent is attached hereto as Exhibit 1 and is incorporated by reference.

22. The '918 Patent claims priority to U.S. Patent Application No. 14/861,563, which was filed on September 22, 2015. The '918 Patent also claims priority to U.S. Patent Application Nos. 14/472,477 (filed on August 29, 2014 and which issued as U.S. Patent No. 9,161,164), 13/775,435 (filed on February 25, 2013 and which issued as U.S. Patent No. 8,849,698),

13/212,723 (filed on August 18, 2011 and which issued as U.S. Patent No. 8,385,896), and 12/364,828 (filed on February 3, 2009 and which issued as U.S. Patent No. 8,090,359). The '918 Patent also claims priority to U.S. Provisional Patent Application Nos. 61/095,359 (filed on September 9, 2008) and 61/095,001 (filed on September 8, 2008).

23. The '918 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

24. The '918 Patent claims are not directed to an abstract idea and are thus patent-eligible under 35 U.S.C. § 101.

25. The '918 Patent claims contain inventive concepts such that they are patent-eligible under 35 U.S.C. § 101.

26. SCT is the owner and assignee of all rights, title, and interest in and under the '918 Patent.

27. SCT has standing to sue for infringement of the '918 Patent.

**The '344 Patent**

28. The '344 Patent, entitled "Efficient and secure communication using wireless service identifiers," duly and legally issued on September 13, 2022, from U.S. Patent Application No. 17/366,826, filed on July 2, 2021, naming James A. Proctor, Jr. and James A. Proctor III as the inventors. A true and correct copy of the '344 Patent is attached hereto as Exhibit 2 and is incorporated by reference.

29. The '344 Patent claims priority to U.S. Patent Application No. 16/817,896, which was filed on March 13, 2020 and issued as U.S. Patent No. 11,074,615. The '344 Patent also claims priority to U.S. Patent Application Nos. 15/271,410 (filed on September 21, 2016), 14/861,563 (filed on September 22, 2015), 14/472,477 (filed on August 29, 2014 and which issued as U.S.

Patent No. 9,161,164), 13/775,435 (filed on February 25, 2013 and which issued as U.S. Patent No. 8,849,698), 13/212,723 (filed on August 18, 2011 and which issued as U.S. Patent No. 8,385,896), and 12/364,828 (filed on February 3, 2009 and which issued as U.S. Patent No. 8,090,359). The '344 Patent also claims priority to U.S. Provisional Patent Application Nos. 61/095,359 (filed on September 9, 2008) and 61/095,001 (filed on September 8, 2008).

30.     The '344 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

31.     The '344 Patent claims are not directed to an abstract idea and are thus patent-eligible under 35 U.S.C. § 101.

32.     The '344 Patent claims contain inventive concepts such that they are patent-eligible under 35 U.S.C. § 101.

33.     SCT is the owner and assignee of all rights, title, and interest in and under the '344 Patent.

34.     SCT has standing to sue for infringement of the '344 Patent.

**The '971 Patent**

35.     The '971 Patent, entitled "Efficient and secure communication using wireless service identifiers," duly and legally issued on June 27, 2023, from U.S. Patent Application No. 17/942,197, filed on September 12, 2022, naming James A. Proctor, Jr. and James A. Proctor III as the inventors.  A true and correct copy of the '971 Patent is attached hereto as <u>Exhibit 3</u> and is incorporated by reference.

36.     The '971 Patent claims priority to U.S. Patent Application No. 17/366,826 (filed on June 2, 2021 and which issued as the '344 Patent), 16/817,896 (filed on March 13, 2020 and which issued as U.S. Patent No. 11,074,615), 15/271,410 (filed on September 21, 2016), 14/861,563

(filed on September 22, 2015), 14/472,477 (filed on August 29, 2014 and which issued as U.S. Patent No. 9,161,164), 13/775,435 (filed on February 25, 2013 and which issued as U.S. Patent No. 8,849,698), 13/212,723 (filed on August 18, 2011 and which issued as U.S. Patent No. 8,385,896), and 12/364,828 (filed on February 3, 2009 and which issued as U.S. Patent No. 8,090,359). The '344 Patent also claims priority to U.S. Provisional Patent Application Nos. 61/095,359 (filed on September 9, 2008) and 61/095,001 (filed on September 8, 2008).

37. The '971 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

38. The '971 Patent claims are not directed to an abstract idea and are thus patent-eligible under 35 U.S.C. § 101.

39. The '971 Patent claims contain inventive concepts such that they are patent-eligible under 35 U.S.C. § 101.

40. SCT is the owner and assignee of all rights, title, and interest in and under the '971 Patent.

41. SCT has standing to sue for infringement of the '971 Patent.

**GENERAL ALLEGATIONS OF PATENT INFRINGEMENT**

42. As detailed below and in the accompanying claim charts (Exhibits 4-30), Samsung has infringed (and continues to infringe) one or more claims of the Patents-in-Suit by making, using, selling, offering for sale, and/or importing into the United States at least the following products (the "Accused Products"):

- Samsung smartphones which include at least one of the Nearby Share, Quick Share, Fast Pair, Find My Mobile and/or SmartThings Find features, *e.g.*, the Galaxy S24 and Z4 series;

- Samsung tablets which include at least one of the Nearby Share, Quick Share, Fast Pair, Find My Mobile and/or SmartThings Find features, *e.g.*, the Galaxy Tab S9 series; and

- Samsung laptop computers which include at least the Quick Share feature, *e.g.*, the Galaxy Book4 series.

43. Samsung's acts of infringement have caused damage to SCT. SCT is entitled to recover from Samsung the damages sustained by SCT as a result of Samsung's wrongful acts in an amount subject to proof at trial.

44. Further discovery may reveal earlier knowledge of one or more of the Patents-in-Suit, which would provide additional evidence of Samsung's willful infringement of the Patents-in-Suit.

45. For each count of infringement listed below, SCT incorporates and re-states the allegations contained in the preceding paragraphs above, including these General Allegations, as if fully set forth in each count of infringement.

## COUNT I – INFRINGEMENT OF THE '918 PATENT

46. SCT incorporates herein the allegations made in paragraphs 1 through 45.

47. Samsung has directly infringed (either literally or under the doctrine of equivalents) one or more claims of the '918 Patent, including, for example, claim 1, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Products.

48. Exemplary claim charts demonstrating Samsung's infringement of the '918 Patent are attached as <u>Exhibits 4-12</u> and incorporated herein by reference.

49. Additionally, on information and belief, Samsung has indirectly infringed the '918 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Products and/or by instructing customers how to use the Accused Products in a way that directly infringed at least claim 1 of the '918 Patent.

50. Samsung has had knowledge of the '918 Patent and of its infringement of the '918 Patent at least through the service of this Complaint.

51. On information and belief, despite Samsung's knowledge of the '918 Patent and of its infringement of the '918 Patent, Samsung has not sought to remedy its infringement or sought to identify any good faith belief as to why it does not infringe the '918 Patent.

52. On information and belief, Samsung's actions represented a specific intent to induce infringement of at least claim 1 of the '918 Patent. For example, Samsung offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the '918 Patent via at least their use of the Accused Products. *See, e.g.,*

https://www.samsung.com/au/support/mobile-devices/using-nearby-sharing/;

https://www.samsung.com/ph/support/mobile-devices/how-to-use-quickshare-feature-on-galaxy-mobile-device/; https://insights.samsung.com/2022/11/16/how-to-use-nearby-share-on-your-galaxy-smartphone-3/; https://www.samsung.com/ie/support/computing/what-is-quick-share-and-how-do-i-use-it-on-my-galaxy-book/;

https://www.samsung.com/us/support/answer/ANS00087283/;

https://www.samsung.com/us/support/answer/ANS00087102/;

https://insights.samsung.com/2023/07/19/how-to-use-samsung-find-my-mobile-to-track-down-your-phone-

2/#:~:text=On%20your%20Galaxy%20mobile%20device,don't%20already%20have%20one;

https://www.samsung.com/us/support/answer/ANS00080182/; *see also* Exhibits 4-12 and materials cited therein.

53. Since issuance of the '918 Patent, neither SCT nor its predecessors or licensees have made, offered for sale, sold, or imported a product that practices any claim of the '918 Patent or that would otherwise require marking under 35 U.S.C. § 287.

54. SCT may recover pre-suit damages for Samsung's infringement of the '918 Patent under 35 U.S.C. § 287.

55. As a result of Samsung's infringement of the '918 Patent, SCT has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF THE '344 PATENT

56. SCT incorporates herein the allegations made in paragraphs 1 through 45.

57. Samsung has directly infringed (either literally or under the doctrine of equivalents) one or more claims of the '344 Patent, including, for example, claim 29, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Products.

58. Exemplary claim charts demonstrating Samsung's infringement of the '344 Patent are attached as Exhibits 13-21 and incorporated herein by reference.

59. Additionally, on information and belief, Samsung has indirectly infringed the '344 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused

Products and/or by instructing customers how to use the Accused Products in a way that directly infringed at least claim 29 of the '344 Patent.

60. Samsung has had knowledge of the '344 Patent and of its infringement of the '344 Patent at least through the service of this Complaint.

61. On information and belief, despite Samsung's knowledge of the '344 Patent and of its infringement of the '344 Patent, Samsung has not sought to remedy its infringement or sought to identify any good faith belief as to why it does not infringe the '344 Patent.

62. On information and belief, Samsung's actions represented a specific intent to induce infringement of at least claim 29 of the '344 Patent. For example, Samsung offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the '344 Patent via at least their use of the Accused Products. *See, e.g.,*

https://www.samsung.com/au/support/mobile-devices/using-nearby-sharing/;

https://www.samsung.com/ph/support/mobile-devices/how-to-use-quickshare-feature-on-galaxy-mobile-device/; https://insights.samsung.com/2022/11/16/how-to-use-nearby-share-on-your-galaxy-smartphone-3/; https://www.samsung.com/ie/support/computing/what-is-quick-share-and-how-do-i-use-it-on-my-galaxy-book/;

https://www.samsung.com/us/support/answer/ANS00087283/;

https://www.samsung.com/us/support/answer/ANS00087102/;

https://insights.samsung.com/2023/07/19/how-to-use-samsung-find-my-mobile-to-track-down-your-phone-2/#:~:text=On%20your%20Galaxy%20mobile%20device,don't%20already%20have%20one;

**ORIGINAL COMPLAINT**                                                                                              **Page 11 of 16**

https://www.samsung.com/us/support/answer/ANS00080182/; *see also* Exhibits 13-21 and materials cited therein.

63. Since issuance of the '344 Patent, neither SCT nor its predecessors or licensees have made, offered for sale, sold, or imported a product that practices any claim of the '344 Patent or that would otherwise require marking under 35 U.S.C. § 287.

64. SCT may recover pre-suit damages for Samsung's infringement of the '344 Patent under 35 U.S.C. § 287.

65. As a result of Samsung's infringement of the '344 Patent, SCT has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

### COUNT III – INFRINGEMENT OF THE '971 PATENT

66. SCT incorporates herein the allegations made in paragraphs 1 through 45.

67. Samsung has directly infringed (either literally or under the doctrine of equivalents) one or more claims of the '971 Patent, including, for example, claim 37, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Products.

68. Exemplary claim charts demonstrating Samsung's infringement of the '971 Patent are attached as Exhibits 22-30 and incorporated herein by reference.

69. Additionally, on information and belief, Samsung has indirectly infringed the '971 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Products and/or by instructing customers how to use the Accused Products in a way that directly infringed at least claim 37 of the '971 Patent.

70. Samsung has had knowledge of the '344 Patent and of its infringement of the '971 Patent at least through the service of this Complaint.

71. On information and belief, despite Samsung's knowledge of the '971 Patent and of its infringement of the '971 Patent, Samsung has not sought to remedy its infringement or sought to identify any good faith belief as to why it does not infringe the '971 Patent.

72. On information and belief, Samsung's actions represented a specific intent to induce infringement of at least claim 37 of the '971 Patent. For example, Samsung offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the '971 Patent via at least their use of the Accused Products. *See, e.g.,*

https://www.samsung.com/au/support/mobile-devices/using-nearby-sharing/;

https://www.samsung.com/ph/support/mobile-devices/how-to-use-quickshare-feature-on-galaxy-mobile-device/; https://insights.samsung.com/2022/11/16/how-to-use-nearby-share-on-your-galaxy-smartphone-3/; https://www.samsung.com/ie/support/computing/what-is-quick-share-and-how-do-i-use-it-on-my-galaxy-book/;

https://www.samsung.com/us/support/answer/ANS00087283/;

https://www.samsung.com/us/support/answer/ANS00087102/;

https://insights.samsung.com/2023/07/19/how-to-use-samsung-find-my-mobile-to-track-down-your-phone-2/#:~:text=On%20your%20Galaxy%20mobile%20device,don't%20already%20have%20one;

https://www.samsung.com/us/support/answer/ANS00080182/; *see also* Exhibits 22-30 and materials cited therein.

73. Since issuance of the '971 Patent, neither SCT nor its predecessors or licensees have made, offered for sale, sold, or imported a product that practices any claim of the '971 Patent or that would otherwise require marking under 35 U.S.C. § 287.

74. SCT may recover pre-suit damages for Samsung's infringement of the '971 Patent under 35 U.S.C. § 287.

75. As a result of Samsung's infringement of the '971 Patent, SCT has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, SCT demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, SCT respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. A judgment that Samsung has directly infringed one or more claims of each of the Patents-in-Suit;

b. A judgment and order requiring Samsung to pay SCT past and future damages under 35 U.S.C. § 284, including for supplemental damages arising from any continuing post-verdict infringement for the time between trial and entry of the final judgment with an accounting, as needed, as provided by 35 U.S.C. § 284;

c. A judgment and order requiring Samsung to pay SCT reasonable ongoing royalties on a going-forward basis after final judgment;

    d. A judgment and order requiring Samsung to pay SCT pre-judgment and post-judgment interest on the damages award;

    e. A judgment and order requiring Samsung to pay SCT's costs; and

    f. Such other and further relief as the Court may deem just and proper.

Dated: July 3, 2024

Respectfully submitted,

*/s/ Jennifer L. Truelove*
Jennifer L. Truelove
Texas State Bar No. 24012906
Email:jtruelove@mckoolsmith.com
MCKOOL SMITH, P.C.
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

OF COUNSEL:

Timothy E. Grochocinski
Illinois Bar No. 6295055
tim@nelbum.com
Charles Austin Ginnings
New York Bar No. 4986691
austin@nelbum.com
NELSON BUMGARDNER CONROY PC
745 McClintock Road, Suite 340
Burr Ridge, Illinois 60527
708.675.1974 (telephone)

Christopher G. Granaghan
Texas Bar No. 24078585
chris@nelbum.com
NELSON BUMGARDNER CONROY P.C.
3131 West Seventh Street, Suite 300
Fort Worth, Texas 76107
Telephone: (817) 377-9111

*Attorneys for Plaintiff*
*Secure Communication Technologies, LLC*