## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SECURE COMMUNICATION TECHNOLOGIES, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Defendants*. | Case No. 2:24-CV-00484-JRG-RSP <br><br> JURY TRIAL DEMANDED |

### SAMSUNG'S ANSWER AND DEFENSES TO SECURE COMMUNICATION TECHNOLOGIES LLC'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") hereby respond to the Original Complaint for Patent Infringement ("Complaint") filed by Plaintiff Secure Communication Technologies, LLC ("SCT"). Unless expressly admitted below, Samsung denies all remaining allegations in the Complaint and further denies that SCT is entitled to its requested relief or any other relief.

### BACKGROUND AND NATURE OF THE SUIT

1.      Samsung admits that SCT's Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Samsung further admits that this case purports to assert infringement of United States Patent Nos. 11,334,918 (the "'918 Patent"), 11,443,344 (the "'344 Patent"), and 11,687,971 (the "'971 Patent") (collectively, "the Patents-in-Suit").

2.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and on that basis denies them.

3.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and on that basis denies them.

## THE PARTIES

4.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and on that basis denies them.

5.      Samsung admits that SEC is a company organized and existing under the laws of the Republic of Korea with a principal place of business located at 129 Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742 in the Republic of Korea.  SCT's allegation that SEC may be served at least by process under the Hague Convention is a legal conclusion, which does not require a response by Samsung.

6.      Samsung admits that SEA is a New York corporation having a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660 and is a wholly-owned subsidiary of SEC.  Samsung further admits that SEA has designated CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, as its registered agent for service of process.

## JURISDICTION AND VENUE

7.      Samsung admits that SCT's Complaint purports to invoke the patent laws of the United States, 35 U.S.C. § 101, et seq.  Samsung admits that this Court has subject matter jurisdiction over claims arising under the above statutes, including 35 U.S.C. § 271, et seq., under 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338 (jurisdiction over patent actions).

8.      Samsung does not contest personal jurisdiction in this District solely for the purpose of this action.  Except as expressly admitted, Samsung denies all remaining allegations in Paragraph 8.

9.      Samsung admits that it regularly conducts business in the State of Texas.  Samsung denies all remaining allegations in Paragraph 9, and specifically denies that it has committed any acts of infringement.

10.      Samsung denies all allegations of Paragraph 10, and specifically denies that it has committed any acts of infringement.

11.      Samsung admits that certain business activities relating to certain mobile devices is conducted at SEA's offices in Texas.  Samsung denies all remaining allegations in Paragraph 11, and specifically denies that it has committed any acts of infringement.

12.      For purposes of this action only, and without waiving any defense of improper venue in connection with any other cause of action or claim, Samsung does not dispute that venue is proper under 28 U.S.C. §§ 1391 and 1400(b).  Samsung denies that this District is a convenient venue under 28 U.S.C. § 1404(a) for adjudicating SCT's claims against Samsung.  Samsung denies all remaining allegations in Paragraph 12.

13.      Samsung admits that SEC is a foreign company and that for purposes of this action only, and without waiving any defense of improper venue in connection with any other cause of action or claim, Samsung does not dispute that venue as to SEC is proper.  Samsung denies that this District is a convenient venue under 28 U.S.C. § 1404(a) for adjudicating SCT's claims against Samsung.  Samsung denies all remaining allegations in Paragraph 13.

14.      Samsung admits that SEA has offices in this District and that for purposes of this action only, and without waiving any defense of improper venue in connection with any other cause of action or claim, Samsung does not dispute that venue as to SEA is proper under 28 U.S.C. § 1400(b).  Samsung denies that this District is a convenient venue under 28 U.S.C. § 1404(a) for adjudicating SCT's claims against Samsung.  Samsung denies all remaining allegations in

Paragraph 13, and specifically denies that SEA has committed any acts of infringement in this District.

15.    Samsung admits that SEA has a place of business in Plano, Texas.  Samsung admits that SEA imports and sells smartphones, tablets, and other mobile devices in the United States. Samsung denies any remaining allegations in Paragraph 15.

16.    Samsung admits that it sells, or offers for sale, Samsung-branded smartphones, tablets, laptops, and other electronics in this District, including the products SCT has accused of infringement in its Complaint.  Samsung denies any remaining allegations in Paragraph 16.

17.    Samsung admits that SEA has a place of business at 6625 Excellence Way, Plano, Texas 75023.  Samsung denies any remaining allegations in Paragraph 17.

18.    Samsung admits that SEA employs personnel in this District, including in Collin County.  Samsung denies any remaining allegations in Paragraph 18.

19.    Samsung admits that SEA conducts business operations relating to cellular mobile devices in this District.  The allegations of Paragraph 19 related to "these SEA facilities located in this district" are vague and ambiguous because the Complaint only identifies a single SEA facility in this District, and on that basis Samsung denies them.  Samsung denies any remaining allegations in Paragraph 19.

20.    Samsung denies all allegations of Paragraph 20, and specifically denies that it has committed any acts of infringement.

## THE PATENTS-IN-SUIT

**The '918 Patent**

21.    Samsung admits that the cover page of the '918 Patent states that its title is "Exchanging identifiers between wireless communication to determine further information to be

exchanged or further services to be provided," it issued on May 17, 2022, from U.S. Patent Application No. 15/271,410, filed on September 21, 2016, and that James A. Proctor, Jr. and James A. Proctor III are listed as the inventors. Samsung admits that Exhibit 1 to the Complaint purports to be a copy of the '918 Patent. Except as expressly admitted, Samsung denies all remaining allegations in Paragraph 21.

22.    Samsung admits that, under the heading "Related U.S. Application Data," the cover page of the '918 Patent (as continued on page 2 of the '918 Patent) states that it is a "Continuation of application No. 14/861,563, filed on Sep. 22, 2015, now abandoned, which is a continuation of application No. 14/472,477, filed on Aug. 29, 2014, now Pat. No. 9,161,164, which is a continuation of application No. 13/775,435, filed on Feb. 25, 2013, now Pat. No. 8,849,698, which is a continuation of application No. 13/212,723, filed on Aug. 18, 2011, now Pat. No. 8,385,896, which is a continuation of application No. 12/364,828, filed on Feb. 3, 2009, now Pat. No. 8,090,359." Samsung further admits that page 2 of the '918 Patent identifies "Provisional application No. 61/095,359, filed on Sep. 9, 2008, provisional application No. 61/095,001, filed on Sep. 8, 2008." Except as expressly admitted, Samsung denies all remaining allegations in Paragraph 22, and specifically denies that the '918 Patent can claim priority to any of the patents, patent applications, or provisional applications listed in Paragraph 22.

23.    Samsung denies all allegations of Paragraph 23.

24.    Samsung denies all allegations of Paragraph 24.

25.    Samsung denies all allegations of Paragraph 25.

26.    Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and on that basis denies them.

27.    Samsung denies all allegations of Paragraph 27.

**The '344 Patent**

28.     Samsung admits that the cover page of the '344 Patent states that its title is "Efficient and secure communication using wireless service identifiers," it issued on September 13, 2022, from U.S. Patent Application No. 17/366,826, filed on July 2, 2021, and that James A. Proctor, Jr. and James A. Proctor III are listed as the inventors.  Samsung admits that Exhibit 2 to the Complaint purports to be a copy of the '344 Patent.  Except as expressly admitted, Samsung denies all remaining allegations in Paragraph 28.

29.     Samsung admits that, under the heading "Related U.S. Application Data," the cover page of the '344 Patent (as continued on page 2 of the '344 Patent) states that it is a "Continuation of application No. 16/817,896, filed on Mar. 13, 2020, now Pat. No. 11,074,615, which is a continuation of application No. 15/271,410, filed on Sep. 21, 2016, which is a continuation of application No. 14/861,563, filed on Sep. 22, 2015, now abandoned, which is a continuation of application No. 14/472,477, filed on Aug. 29, 2014, now Pat. No. 9,161,164, which is a continuation of application No. 13/775,435, filed on Feb. 5, 2013, now Pat. No. 8,849,698, which is a continuation of application No. 13/212,723, filed on Aug. 18, 2011, now Pat. No. 8,385,896, which is a continuation of application No. 12/364,828, filed on Feb. 3, 2009, now Pat. No. 8,090,359."  Samsung further admits that page 2 of the '344 Patent identifies "Provisional application No. 61/095,359, filed on Sep. 9, 2008, provisional application No. 61/095,001, filed on Sep. 8, 2008."  Except as expressly admitted, Samsung denies all remaining allegations in Paragraph 29, and specifically denies that the '344 Patent can claim priority to any of the patents, patent applications, or provisional applications listed in Paragraph 29.

30.     Samsung denies all allegations of Paragraph 30.

31.     Samsung denies all allegations of Paragraph 31.

32.     Samsung denies all allegations of Paragraph 32.

33.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and on that basis denies them.

34.     Samsung denies all allegations of Paragraph 34.

**The '971 Patent**

35.     Samsung admits that the cover page of the '971 Patent states that its title is "Efficient and secure communication using wireless service identifiers," it issued on June 27, 2023, from U.S. Patent Application No. 17/942,197, filed on September 12, 2022, and that James A. Proctor, Jr. and James A. Proctor III are listed as the inventors.  Samsung admits that Exhibit 3 purports to be a copy of the '971 Patent.  Except as expressly admitted, Samsung denies all remaining allegations in Paragraph 35.

36.     Samsung admits that, under the heading "Related U.S. Application Data," the cover page of the '971 Patent (as continued on page 2 of the '971 Patent) states that it is a "Continuation of application No. 17/366,826, filed on Jul. 2, 2021, now Pat. No. 11,443,344, which is a continuation of application No. 16/817,896, filed on Mar. 13, 2020, now Pat. No. 11,074,615, which is a continuation of application No. 15/271,410, filed on Sep. 21, 2016, now Pat. No. 11,334,918, which is a continuation of application No. 14/861,563, filed on Sep. 22, 2015, now abandoned, which is a continuation of application No. 14/472,477, filed on Aug. 29, 2014, now Pat. No. 9,161,164, which is a continuation of application No. 13/775,435, filed on Feb. 25, 2013, now Pat. No. 8,849,698, which is a continuation of application No. 13/212,723, filed on Aug. 18, 2011, now Pat. No. 8,385,896, which is a continuation of application No. 12/364,828, filed on Feb. 3, 2009, now Pat. No. 8,090,359."  Samsung further admits that page 2 of the '971 Patent identifies "Provisional application No. 61/095,359, filed on Sep. 9, 2008, provisional

application No. 61/095,001, filed on Sep. 8, 2008." Except as expressly admitted, Samsung denies all remaining allegations in Paragraph 36, and specifically denies that the '971 Patent can claim priority to any of the patents, patent applications, or provisional applications listed in Paragraph 36.

37.    Samsung denies all allegations of Paragraph 37.

38.    Samsung denies all allegations of Paragraph 38.

39.    Samsung denies all allegations of Paragraph 39.

40.    Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and on that basis denies them.

41.    Samsung denies all allegations of Paragraph 41.

**GENERAL ALLEGATIONS OF PATENT INFRINGEMENT**

42.    Samsung denies all allegations of Paragraph 42, and specifically denies that it has committed any acts of infringement.

43.    Samsung denies all allegations of Paragraph 43, and specifically denies that it has committed any acts of infringement.

44.    Paragraph 44 contains no allegations and Samsung therefore is not required to respond.  To the extent a response is required, Samsung denies all allegations of Paragraph 44, and specifically denies that it has committed any acts of infringement.

45.    For each count of alleged infringement listed below, Samsung incorporates and re-states its responses to SCT's allegations contained in the preceding paragraphs above, including these responses to SCT's General Allegations, as if fully set forth in each response to each count of alleged infringement.

## COUNT 1
## INFRINGEMENT OF THE '918 PATENT

46.    Samsung incorporates by reference each of its responses set forth in Paragraphs 1-45 above as if fully set forth herein.

47.    Samsung denies all allegations of Paragraph 47, and specifically denies that it infringes the '918 Patent.

48.    Samsung admits that Exhibits 4-12 attached to the Complaint purport to be claim charts relating to the '918 Patent and the Accused Products.  Samsung denies that Exhibits 4-12 demonstrate any infringement by Samsung of the '918 Patent.  Samsung denies all remaining allegations in Paragraph 48, and specifically denies that it infringes the '918 Patent.

49.    Samsung denies all allegations in Paragraph 49, and specifically denies that it infringes the '918 Patent.

50.    Samsung admits that it has had knowledge of the '918 Patent via SCT's Complaint in this action.  Samsung denies all remaining allegations in Paragraph 50, and specifically denies that it infringes the '918 Patent.

51.    Samsung denies all allegations in Paragraph 51, and specifically denies that it infringes the '918 Patent.

52.    Samsung denies all allegations in Paragraph 52, and specifically denies that it infringes the '918 Patent.

53.    Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and on that basis denies them.

54.    Samsung denies all allegations in Paragraph 54, and specifically denies that it infringes the '918 Patent.

55.    Samsung denies all allegations in Paragraph 55, and specifically denies that it infringes the '918 Patent.

## COUNT II
## INFRINGEMENT OF THE '344 PATENT

56.    Samsung incorporates by reference each of its responses set forth in Paragraphs 1-45 above as if fully set forth herein.

57.    Samsung denies all allegations of Paragraph 57, and specifically denies that it infringes the '344 Patent.

58.    Samsung admits that Exhibits 13-21 attached to the Complaint purport to be claim charts relating to the '344 Patent and the Accused Products.  Samsung denies that Exhibits 13-21 demonstrate any infringement by Samsung of the '344 Patent.  Samsung denies all remaining allegations in Paragraph 58, and specifically denies that it infringes the '344 Patent.

59.    Samsung denies all allegations in Paragraph 59, and specifically denies that it infringes the '344 Patent.

60.    Samsung admits that it has had knowledge of the '344 Patent via SCT's Complaint in this action.  Samsung denies all remaining allegations in Paragraph 60, and specifically denies that it infringes the '344 Patent.

61.    Samsung denies all allegations in Paragraph 61, and specifically denies that it infringes the '344 Patent.

62.    Samsung denies all allegations in Paragraph 62, and specifically denies that it infringes the '344 Patent.

63.    Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 and on that basis denies them.

64.    Samsung denies all allegations in Paragraph 64, and specifically denies that it infringes the '344 Patent.

65.    Samsung denies all allegations in Paragraph 65, and specifically denies that it infringes the '344 Patent.

## COUNT III
## INFRINGEMENT OF THE '971 PATENT

66.    Samsung incorporates by reference each of its responses set forth in Paragraphs 1-45 above as if fully set forth herein.

67.    Samsung denies all allegations of Paragraph 67, and specifically denies that it infringes the '971 Patent.

68.    Samsung admits that Exhibits 22-30 attached to the Complaint purport to be claim charts relating to the '971 Patent and the Accused Products. Samsung denies that Exhibits 22-30 demonstrate any infringement by Samsung of the '971 Patent. Samsung denies all remaining allegations in Paragraph 68, and specifically denies that it infringes the '971 Patent.

69.    Samsung denies all allegations in Paragraph 69, and specifically denies that it infringes the '971 Patent.

70.    Samsung admits that it has had knowledge of the '971 Patent via SCT's Complaint in this action. Samsung denies all remaining allegations in Paragraph 70, and specifically denies that it infringes the '971 Patent.

71.    Samsung denies all allegations in Paragraph 71, and specifically denies that it infringes the '971 Patent.

72.    Samsung denies all allegations in Paragraph 72, and specifically denies that it infringes the '971 Patent.

73.    Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 and on that basis denies them.

74.    Samsung denies all allegations in Paragraph 74, and specifically denies that it infringes the '971 Patent.

75.    Samsung denies all allegations in Paragraph 75, and specifically denies that it infringes the '971 Patent.

## DEMAND FOR A JURY TRIAL

76.    SCT's demand for a trial by jury contains no allegations and Samsung therefore is not required to response.  To the extent that any allegations are included in these portions of SCT's Complaint, Samsung denies those allegations.

## RESPONSE TO PRAYER FOR RELIEF

77.    SCT's prayer for relief contains no allegations and Samsung therefore is not required to response.  To the extent that any allegations are included in these portions of SCT's Complaint, Samsung denies those allegations.

## GENERAL DENIAL

78.    To the extent that any allegations of Plaintiff's Complaint are not specifically admitted, Samsung denies them.

## AFFIRMATIVE DEFENSES

79.    Subject to the responses above, Samsung alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to its responses above, Samsung specifically

reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST DEFENSE
## NO PATENT INFRINGEMENT

80.    Samsung does not infringe and has not infringed (not directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the Patents-in-Suit.

## SECOND DEFENSE
## PATENT INVALIDITY

81.    The claims of the Patents-in-Suit are invalid and unenforceable under 35 U.S.C. § 101 because the claims are directed to abstract ideas or other non-statutory subject matter, and/or because the claims violate the prohibitions against obviousness-type and statutory double patenting.

82.    The claims of the Patents-in-Suit are invalid and unenforceable under 35 U.S.C. § 102 because the claims lack novelty, and are taught and suggested by the prior art.

83.    The claims of the Patents-in-Suit are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

84.    The claims of the Patents-in-Suit are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

## THIRD DEFENSE
## LIMITATION ON PATENT DAMAGES

85.    Plaintiff's claim for damages, if any, against Samsung for alleged infringement of the Patents-in-Suit are limited by 35 U.S.C. §§ 286, 287 and/or 288.

## FOURTH DEFENSE
## PATENT MISUSE

86.    Plaintiff's claims against Samsung for alleged infringement of the Patents-in-Suit are barred by the doctrine of misuse.

## FIFTH DEFENSE
## SUBSTANTIAL NON-INFRINGING USES

87.    Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the Patents-in-Suit.

## SIXTH DEFENSE
## USE BY THE UNITED STATES

88.    Plaintiff's claims for relief against Samsung are barred by 35 U.S.C. § 1498 in that, upon information and belief, the accused subject matter is used or manufactured by or for the United States, including but not limited to the Department of Defense.

## SEVENTH DEFENSE
## FAILURE TO STATE A CLAIM

89.    Plaintiff's Complaint fails to state a claim upon which relief can be granted, including, but not limited to, failure of Plaintiff's Complaint to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Additionally, Plaintiff's Complaint fails to meet the pleading standard because its infringement allegations for the '344 Patent, asserted Claim 29, stated in exhibit claim charts, omit many of that claim's limitations.  *See* Complaint, Exs. 13-21; *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342 (Fed. Cir. 2021).

**EIGHTH DEFENSE**
**LACK OF STANDING**

90.    Plaintiff lacks standing to assert the claims in Plaintiff's Complaint and its claims are thus barred because it does not own the Patents-in-Suit and lacks the capacity to sue in this Court.

**NINTH DEFENSE**
**EQUITABLE DOCTRINES**

91.    Plaintiff's claims are barred, in whole or in part, by equitable doctrines, including the doctrines of waiver, laches, acquiescence, and/or equitable estoppel.

**TENTH DEFENSE**
**PROSECUTION HISTORY ESTOPPEL**

92.    Plaintiff is barred, under the doctrine of prosecution history estoppel, from construing the claims of the Patents-in-Suit in such a way as may cover any accused products by reasons of statements made to the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the Patents-in-Suit.

**ELEVENTH DEFENSE**
**LICENSE AND/OR EXHAUSTION**

93.    Plaintiff's claims for relief are barred in whole or in part by an express or implied license, and/or the patent exhaustion doctrine.

**TWELFTH DEFENSE**
**NOT AN EXCEPTIONAL CASE ENTITLING PLAINTIFF TO RELIEF**

94.    If Plaintiff is entitled to any remedy, Plaintiff is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

**THIRTEENTH DEFENSE**
**INEQUITABLE CONDUCT**

95.    All claims of the Patents-in-Suit are unenforceable due to inequitable conduct.

96.    Each of the Patents-in-Suit purportedly trace priority through a chain of continuation applications to a patent application filed on February 3, 2009, now U.S. Patent No. 8,090,359 ("the '359 Patent"), which in turn claims priority to Provisional Application Nos. 61/059,359 and 61/095,001, filed on September 9 and September 8, 2008, respectively. Based on this chain of continuation applications, the Patents-in-Suit purport to have a priority date of September 8, 2008.

97.    However, the specification of the '344 and '971 Patents (hereinafter "'New Specification") is substantially different from the specification of the asserted '918 Patent and the original '359 Patent (hereinafter "Original Specification").

98.    For example, the background and summary of the invention sections of the New Specification are almost entirely different from those two sections in the Original Specification. *Compare* '971 Patent at 1:7-2:62, *with* '918 Patent at 1:31-5:12.  In particular, the summary of the invention in the New Specification adds new matter not found in the Original Specification that appears specifically directed at providing written description support for limitations recited in claims of the '344 and '971 Patents.  As one example, the New Specification describes a "first beacon transmission . . . such [as] a Bluetooth or WiFi service beacon" that "comprises a first MAC address, a first unique identifier, and a beacon service identifier."  '971 Patent at 2:17-20. This description was not found in the '918 Patent and it appears directed at supporting limitations in the '344 and '971 Patents' claims, reciting a "beacon transmissions including (a) a MAC address, (b) a unique identifier . . ., and (c) a beacon service identifier."  *See* '344 Patent at Claim 29; '971 Patent at Claim 37.

99.    As another example, the New Specification's detailed description of the invention section includes a two-column subsection, titled "Other Preferred Embodiments," not found in the Original Specification.  '971 Patent at 17:28-19:5.

100.    The New Specification does not include any statement of incorporation by reference.  In particular, the New Specification does not include any statement incorporating by reference any earlier patents or patent applications in the priority chain listed on the cover page of the specification.

101.    As such, the '344 and '971 Patents are not actually entitled to priority to the '359 Patent via continuation applications, nor are they entitled to claim priority to the provisional applications filed in September 2008.

102.    The New Specification of the '344 and '971 Patents traces its origin to the application for unasserted U.S. Patent No. 11,074,615 ("the '615 Patent"), filed March 13, 2020. The '615 Patent application is the first application in the priority chain of purported continuation applications that contains the New Specification.

103.    At the time that the applicant[1] originally filed the '615 Patent application on March 13, 2020, the predecessor '918 Patent application was mired in an extended disagreement between the applicant and the Patent and Trademark Office ("PTO") examiner for the '918 Patent application (hereinafter "'918 Examiner") over written description issues.   Beginning on September 25, 2017, the '918 Examiner repeatedly rejected the claims of the '918 Patent application on the basis that such claims lacked written description support under 35 U.S.C. § 112. By March 13, 2020, the '918 Examiner had issued five rejections and an advisory action rejecting

---

[1] As used herein, "applicant" refers to one or more of: the named inventors James Proctor Jr. and James Proctor III of the original assignee Proxicom Wireless LLC; prosecuting attorney David J. Thibodeau,  Jr. of the prosecuting law firm VLP Law Group LLP.

claims for lack of written description.  *See* Ex. A, '918 File History, Sept. 25, 2017 Non-Final Rejection; Mar. 22, 2018 Final Rejection; Nov. 19, 2018 Non-Final Rejection; Jun. 3, 2019 Final Rejection; Aug. 27, 2019 Advisory Action; Jan. 22, 2020 Non-Final Rejection.  As of March 13, 2020, the applicant was preparing to appeal the § 112 written description issues to the Patent Trial and Appeal Board ("PTAB").  *See id.*, April 21, 2020 Notice of Appeal.

104.    On information and belief, the applicant rewrote the New Specification of the '615 Patent application to circumvent the '918 Patent examiner's written description rejections, injecting new matter not found in the Original Specification of the '918 Patent or its parent applications going back to the '359 Patent.  In particular, the applicant rewrote the New Specification to support limitations in the '615 Patent's claims—and subsequently, limitations in claims of future continuations such as the asserted '344 and '971 Patents—that would not have found written description support in the Original Specification.

105.    Moreover, when the applicant originally filed the '615 Patent application on March 13, 2020, the applicant did not designate the application as a continuation of the '918 Patent application, and, thus, did not claim priority to the '359 Patent filed in 2009 or to the provisional applications filed in 2008.  Rather, the applicant's original Application Data Sheet ("ADS")—a form that includes fields for claiming priority—omitted any claim that the '615 Patent application was a continuation of any prior application or that it was related in any way to the '918 Patent application or its parent applications.  Ex. B, '615 Patent File History, Mar. 13, 2020 ADS.

106.    The first paragraph of the '615 Patent application also omitted any claim that it was a continuation of the '918 Patent or that the '615 Patent application traced priority to the '359 Patent.  *Id.*, '615 Patent File History, Mar. 13, 2020 Specification.  The omission of such a header paragraph is conspicuous given that each of the predecessor patents in the family, including

the '918 Patent, contains a distinct, customized version of this header paragraph, accounting for each prior patent application in the chain of priority.  Yet such a paragraph was deleted in the '615 Patent application and in each subsequent continuation application, including for the asserted '344 and '971 Patents.

107.    Because the '615 Patent application did not initially claim to be a continuation of the '918 Patent application in either the ADS or in the specification, the PTO did not relate the '615 Patent application to the pending '918 Patent application, which was filed years earlier on September 21, 2016 and facing repeated written description rejections as discussed above.

108.    On information and belief, the applicant initially omitted any continuation or priority claims in the '615 Patent application intentionally, so that the PTO would not identify the application as related to the '918 Patent application and to increase the likelihood that the '615 Patent application would be handled by a different examiner from the '918 Examiner.  Indeed, on April 9, 2020, the PTO sent a communication revealing that the '615 Patent application had been assigned to Art Unit 2414.  *Id.*, '615 Patent File History, Apr. 9, 2020 Decision Granting Request for Prioritized Examination.  This was different than the Art Unit assigned to the '918 Patent application, Art Unit 3685, meaning a different examiner would be assigned to the '615 Patent application, rather than the '918 Examiner.

109.    On May 7, 2020—after the '615 Patent application was assigned to a separate PTO Art Unit—the applicant filed a "corrected" ADS, intentionally and falsely claiming that the '615 Patent application was a continuation of the '918 Patent application despite having a rewritten specification.  *See id.*, '615 Patent File History, May 7, 2020 ADS.  The new ADS also falsely claimed priority as a continuation to the '359 Patent.  *Id*.  The applicant filed yet another

"corrected" ADS with these false claims when it appeared that the PTO had not updated the priority claim. *Id.*, '615 Patent File History, Jun. 8, 2020 ADS.

110.    The '615 Patent application was then reviewed by a different examiner (hereinafter "'615 Examiner") than the '918 Examiner.  The '615 Examiner initially rejected the claim of priority on the basis that it constituted an improper claim to a provisional application filed more than 12 months after the filing date of the provisional application, without reference to any intermediate application directly claiming the benefit of the provisional.  *Id.*, '615 Patent File History, Jun. 11, 2020 Response to Request For Corrected Filing Receipt.  In response, the applicant filed a third "corrected" ADS, again intentionally asserting false continuity and priority claims. *Id.*, '615 Patent File History, Jun. 17, 2020 ADS.

111.    On information and belief, as a result of the applicant's conduct, the PTO assigned the examination of the '615 Patent to the '615 Examiner who was unfamiliar with the prosecution history of the patent family including the '918 Patent application and therefore unaware of the written description rejections faced by the '918 Patent application.  On information and belief, as a result of the applicant's conduct, the '615 Patent application was examined by the '615 Examiner who did not recognize—and had no reason to recognize—that the '615 Patent application contained the New Specification that had been substantially rewritten as compared to the Original Specification of the '918 Patent, despite being designated as a continuation application.

112.    The applicant's conduct during prosecution—including rewriting of the specification, falsely claiming the '615 Patent application as a continuation of the '918 Patent application, falsely claiming priority to the '359 Patent application, and concealing its misconduct by changing the "continuation" designation—was material to the patentability of the claims of the '344 and '971 Patents.  But for such misconduct, the PTO would have determined that there was

no written description support for the '344 and '971 Patent claims in the Original Specification. The PTO would have also determined that the priority date for the '344 and '971 Patent claims would be no earlier than March 13, 2020, which was the filing date of the '615 Patent application that introduced new matter through the New Specification. March 13, 2020 is nearly 12 years later than the alleged September 8, 2008 priority date claimed on the face of the '344 and '971 Patents. The PTO would have found the '344 and '971 Patent claims unpatentable in view of numerous prior art references dated from the intervening 12-year time period.

113. Moreover, the applicant's obfuscation of the rewritten specification and the relationship between the '615 Patent application and the '918 Patent application, was material to the allowance of the '918 Patent claims. But for the applicant's misconduct, the same '918 Examiner would have likely been assigned to handle prosecution of the '615 Patent application. The '918 Examiner would have determined that the applicant had introduced new matter through the '615 Patent application to provide written description support absent from the Original Specification of the '918 Patent and its parent applications. The '918 Examiner, as well as the PTAB, would have recognized the new matter as an admission that the Original Specification failed to support the '918 Patent application's then-pending claims. As one example, the '918 Patent claims recite "beacon transmissions including a respective MAC address, a respective unique identifier, and a Proximity Beacon Service Identifier (PBSI)." *See* '918 Patent at Claim 1. But this limitation finds no support in the Original Specification and instead parallels the language of new matter added through the New Specification. See '971 Patent at 2:17-20 ("first beacon transmission . . . such [as] a Bluetooth or WiFi service beacon" that "comprises a first MAC address, a first unique identifier, and a beacon service identifier."). Thus, had the '918 Examiner and PTAB known of the related '615 Patent application and its new matter, the PTAB

21

would likely have affirmed the '918 Examiner's rejection of the claims of the '918 Patent for lack of written description support.

114.    The applicant's prosecution conduct also constitutes affirmative acts of egregious misconduct, including repeated and unmistakably false representations to the PTO that the '615 Patent application constituted a continuation application despite knowing that the rewritten New Specification included new subject matter, and an elaborate scheme to conceal the foregoing from being discovered by the PTO.  Such affirmative acts of egregious misconduct are inherently material, irrespective of any proof of but-for materiality.

115.    The single most reasonable inference to be drawn from the applicant's conduct is that it acted deliberately with intent to deceive the PTO to secure allowance of the '918, '344, and '971 Patents and avoid any written description rejections, while maintaining a claim of priority through September 8, 2008, rather than the correct priority date of March 13, 2020.

116.    Inequitable conduct as to any claim of a patent renders the entire patent unenforceable.  Moreover, inequitable conduct as to a patent can render unenforceable other related patents and applications in the same family, including under the doctrine of infectious unenforceability.  Here, each of the '918, '344, and '971 Patents raise related and overlapping issues relating to lack of written description support and improper priority date claims, such that the inequitable conduct at issue has an immediate and necessary relation to all three patents.  And at the time the applicant's misconduct began, none of the Patents-in-Suit had issued.  The applicant's inequitable conduct as to any one of the '918, '615, '344, and '971 Patents renders all three Patents-in-Suit unenforceable.

117.    As a result of the applicant's inequitable conduct, all claims of the asserted Patents-in-Suit are unenforceable.

## **RESERVATION OF ADDITIONAL DEFENSES**

118.    Samsung reserves the right to assert any additional defenses or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Samsung prays for judgment as follows:

a.    A judgment dismissing SCT's Complaint against Samsung with prejudice;

b.    A judgment and declaration that Samsung has not infringed, directly or indirectly, any valid and enforceable claim of the Patents-in-Suit;

c.    A judgment and declaration that the Patents-in-Suit are invalid and/or unenforceable;

d.    A judgment and declaration that this case is exceptional and an award to Samsung of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

e.    A judgment limiting or barring SCT's ability to enforce the Patents-in-Suit in equity;

f.    Judgment awarding Samsung such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Samsung respectfully requests a jury trial of all issues triable to a jury in this action.

Dated:  November 19, 2024                 Respectfully submitted,


By:  _/s/ Shaun W. Hassett with permission_
       _for Darin W. Snyder_

Darin W. Snyder
dsnyder@omm.com
Luann L. Simmons
lsimmons@omm.com
Mark Liang
mliang@omm.com
Bill Trac
btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

Michael E. Jones
mikejones@potterminton.com
Shaun W. Hassett
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

*Attorneys for Defendants Samsung Electronics*
*Co., Ltd. and Samsung Electronics America, Inc.*